IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

APRIL PERRY,

Plaintiff,

CASE NO.:

-vs-

CARIBBEAN CRUISE LINE, INC.,

Defendant.
_____/

## COMPLAINT

Plaintiff, APRIL PERRY, by and through her undersigned counsel, sues the Defendant, CARIBBEAN CRUISE LINE, INC., and in support thereof respectfully alleges the following:

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This is an action for damages as a result of Defendant's violations of the TCPA and for costs and interest.

3. Subject matter jurisdiction for purposes of this action is appropriate and conferred by 28 U.S.C. §1331, Federal question jurisdiction, as this action involves the laws of the United States (the TCPA).

4. Venue is proper in this District because the Defendant resides in this District (Broward County), the Defendant transacts business in this district, and Defendant's principal place of business is in this District.

## FACTUAL ALLEGATIONS

2. Plaintiff, April Perry, is a natural person, and citizen of the State of Mississippi, residing in DeSoto County, Mississippi.

3. Defendant, Caribbean Cruise Line, Inc., is a corporation and a citizen of the State of Florida with its principal place of business at 5100 North State Road 7, Fort Lauderdale, Florida.

4. In approximately January, 2013, Plaintiff began receiving calls from Defendant offering free cruises. At no time did Plaintiff give Defendant her "prior express written consent" to be called by Defendant with an "automatic telephone dialing system," including a predictive dialer, and/or using an artificial or pre-recorded voice.

5. Upon information and belief, each call the Defendant made to the Plaintiff's cellular telephone was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator including but not limited to a predictive dialer, and/or using an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer" calls) since each time Plaintiff answered a phone call there would be a pause before a person came on the line or there would be an artificial voice instructing Plaintiff to hold for the next available representative.

6. Each of the autodialer calls made by Defendant to Plaintiff's cellular telephone number, (901) 406-7159, was done so without the "prior expressed written consent" of the Plaintiff. Some or all of the calls came from the telephone numbers: 800-613-6524, 561-424-0845, 516-673-0621, 206-816-5803, and 800-586-6693.

7. At all times material, Plaintiff was and is the subscriber and regular user and carrier of the cellular telephone with the number (901) 406-7159, and was the recipient of Defendant's autodialer calls.

8. After receiving several calls from Defendant in January, 2013, Plaintiff instructed an agent and/or representative of the Defendant towards the end of January, 2013, that she was not interested in going on any cruise, advising Defendant to take her off their calling list and to stop their calls to her cellular telephone. Defendant's representative assured Plaintiff that her number would be removed however the calls continued.

9. Despite being informed that Plaintiff was not interested and to be removed from Defendant's call list, Defendant proceeded to contact Plaintiff on her cellular telephone, and continued to make autodialer calls, using an "automated telephone dialing system" including a predictive dialer, and/or an artificial or pre-recorded voice.

10. Each time Plaintiff received an autodialer call from Defendant, Plaintiff spoke to Defendant's representative and verbally requested Defendant's representatives stop contacting her, and specifically told Defendant "do not call this number anymore, I don't want to go on a cruise."

11. Despite Plaintiff requesting Defendant stop contacting her, Defendant's autodialer calls to Plaintiff continued from January, 2013 through April 22, 2013. Defendant has, or should be in possession and/or control of call logs and/or account notes that detail the exact number of calls made to Plaintiff over the relevant time period.

12. The Defendant has a corporate policy to use an "automatic telephone dialing system" including a predictive dialer or a pre-recorded or artificial voice, just as they did to the Plaintiff's

cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

13. Upon information and belief, Plaintiff received approximately 50, and as many as 70, autodialer calls from Defendant from January, 2013 through April 22, 2013, and possibly more.

14. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they do not consent to the calls and are not interested in their services.

15. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list, despite Plaintiff's verbal requests to stop calling.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

17. Defendant violated the TCPA with respect to all of its autodialer calls to Plaintiff's cellular telephone number, and willfully and/or knowingly violated the TCPA with respect to Defendant's autodialer calls to Plaintiff's cellular telephone number made after January, 2013.

## COUNT I
### (Violation of the TCPA)

18. Plaintiff incorporates Paragraphs one (1) through seventeen (17).

19. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an "automatic telephone dialing system" including a predictive dialer or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, treble damages, actual damages, costs,

interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                                 Respectfully submitted,

Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff